UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Percic Enterprises, Inc., individually, and as the representative of a class of similarly-situated persons, | Civil No. 09-3629 (MJD/SRN) |
| Plaintiff, | REPORT & RECOMMENDATION |
| v. | |
| European Autoworks, Inc., d/b/a Autopia, | |
|     Defendant and Third-Party Plaintiff, | |
| v. | |
| Macaw, Inc., | |
|     Third-Party Defendant | |

Phillip A. Bock, Bock & Hatch, LLC, 134 North LaSalle Street, Suite 1000, Chicago, Illinois 60602, and Garrett D. Blanchfield, Jr., Reinhardt, Wendorf & Blanchfield, 332 Minnesota Street, Suite E-1250, St. Paul, Minnesota 55101, for Plaintiff

William A. LeMire and Timothy J. Carrigan, Arthur, Chapman, Kettering, Smetak & Pikala, PA, 81 South 9th Street, Suite 500, Minneapolis, Minnesota 55402, for Defendant and Third-Party Plaintiff European Autoworks, Inc., d/b/a Autopia

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter is before the Court upon Defendant's Motion to Remand to State Court for Lack of Subject Matter Jurisdiction (Doc. No. 19). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons set forth herein, the Court recommends that Defendant's motion be granted.

## I. BACKGROUND

Plaintiff Percic Enterprises, Inc. ("Percic") filed this class action lawsuit against Defendant European Autoworks, Inc. ("European Autoworks") in Hennepin County District Court in November 2009. Both Plaintiff and Defendant are Minnesota corporations. (Am. Complaint ¶¶ 8-9.) Percic alleges that European Autoworks sent unsolicited advertisements via facsimile to Plaintiff and others without their express written permission, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.[1] (Complaint ¶¶ 11-13.)

In December 2009, European Autoworks filed a Notice of Removal, successfully removed the case to federal district court pursuant to 28 U.S.C. § 1441, and filed its Answer and Third Party Complaint.[2] European Autoworks identified 28 U.S.C. § 1331, federal question jurisdiction, as the basis for this Court's jurisdiction, based on defense counsel's belief that the TCPA conferred federal question subject matter jurisdiction. (Notice of Removal at ¶¶ 3-6.) In January 2010, European Autoworks filed a letter notifying the Court that it had discovered legal authority indicating that federal question jurisdiction does not attach to a claim under the TCPA. (Letter of 1/6/10 from W. LeMire to Hon. S. Nelson, Doc. No. 4) (citing Barry v. Dell Computer Corp., 00-CV-939 (MJD/JGL), 2000 U.S. Dist. LEXIS 20630 (D. Minn. Oct. 18, 2000)).

Shortly thereafter, Plaintiff filed an Amended Complaint, alleging that federal question subject matter jurisdiction applies, citing a decision of the Seventh Circuit, Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (2005). (Am. Complaint ¶ 6.) Defendant disagrees with

---

[1] The TCPA prohibits the use of certain telecommunications technology, including facsimile machines, to forward unsolicited advertisements to consumers. 47 U.S.C. § 227.

[2] In its Answer and Third-Party Complaint, Defendant alleges that Macaw, Inc. ("Macaw") faxed the advertisements in question. (Ans. & Third-Party Complaint ¶¶ V-VII.)

2

Plaintiff and brings this motion, seeking to remand the case to state court for lack of subject matter jurisdiction. At the hearing on this motion, counsel for Plaintiff could not articulate a reason why Plaintiff opposes returning to state court, the original choice of forum, acknowledging that he had not previously considered the question.

## II.  DISCUSSION

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court to federal court if the action is one over which the federal district court had original jurisdiction. Whether removal to federal court is proper depends on whether the claim in question falls within the scope of the district court's subject matter jurisdiction. See 28 U.S.C. § 1441(b). Removal statutes are strictly construed, with any questions about the propriety of removal resolved in favor of state court jurisdiction. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998). There is a presumption against federal jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

Defendant removed this action based on its earlier belief that it arose under federal law. "Federal-question jurisdiction exists when 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Biscanin v. Merrill Lynch & Co., 407 F.3d 905, 906 (8th Cir. 2005) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). Federal jurisdiction may be invoked only where the federal question is presented on the face of the plaintiff's properly pleaded complaint. Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005).

Plaintiff's cause of action arises under the TPCA which contains the following provision

3

regarding private causes of action:

> (3) Private right of action
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, <u>bring in an appropriate court of that State</u> –
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.

47 U.S.C. § 227(b)(3) (emphasis added).

At issue here is whether the language emphasized above makes jurisdiction for a private cause of action under the TCPA exclusive to the state courts. Defendant represents that at the time it successfully removed this case, it was unaware that this Court had previously addressed this very question in <u>Barry v. Dell Computer Corp.</u>, 00-CV-939 (MJD/JGL), 2000 U.S. Dist. LEXIS 20630 (D. Minn. Oct. 18, 2000). In <u>Barry</u>, this Court examined the Congressional intent of the TCPA to determine if the statute granted federal jurisdiction over a private cause of action. <u>Id.</u> at *5-6. Reading § 227(b)(3) in conjunction with other portions of the statute, this Court found that Congress did not intend to grant federal jurisdiction over private actions – a conclusion that was supported by the legislative history as well. <u>Id.</u> at *7-8. Accordingly, this Court held that the TCPA grants exclusive jurisdiction for private rights of action to state court, and remanded the case to state court. 2000 U.S. Dist. LEXIS, *13.

Although there does not appear to be an Eighth Circuit decision on point, <u>Barry</u> is consistent with the weight of authority, in which many courts have found that while the TCPA is a federal law, the specific jurisdictional provision in § 227(b)(3) calls for private actions to be

4

brought in state courts.  See, e.g., Bonime v. Avaya, Inc., 547 F.3d 497 (2d Cir. 2008); Foxhall Realty Law Office, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432 (2d Cir. 1998); International Science & Tech. Inst., Inc. v. Inacom Comms., Inc., 106 F.3d 1146 (4th Cir. 1997); Landsman & Funk, P.C. v. Skinder-Strauss Associates, 636 F.Supp.2d 359 (D. N.J. 2009); Geismann v. Aestheticare, LLC, 622 F.Supp.2d 1091 (D. Kan. 2008); Charvat v. GVN Michigan, Inc., 531 F.Supp.2d 922 (S.D. Ohio 2008), aff'd, 561 F.3d 623 (6th Cir. 2009); Boydston v. Asset Acceptance, LLC, 496 F.Supp.2d 1101 (N.D. Cal. 2007); Brodeur v. Swan Fin. Corp., No. 4:05CV2418 DDN, 2006 US Dist. LEXIS 21792 (E.D. Mo. Apr. 11, 2006); Biggerstaff v. Voice Power Telecomm., Inc., 221 F.Supp.2d 652 (D. S.C. 2002); Murphey v. Lanier, 997 F.Supp. 1348 (S.D. Cal. 1998), aff'd, 204 F.3d 911 (9th Cir. 2000).

Some courts have held that the TCPA's failure to specifically confer concurrent jurisdiction divests federal courts of federal-question jurisdiction only.  See, e.g., Gottlieb v. Carnival Corp., 436 F.3d 335 (2d Cir. 2006).  Therefore, if an independent basis for jurisdiction exists, such as diversity jurisdiction, several courts have held that private claims under the TCPA may be heard in federal court.  Id., see also, Gene And Gene, LLC v. BioPay, LLC, 541 F.3d 318 (5th Cir. 2008) (finding jurisdiction proper where minimal diversity existed and aggregate amount in controversy was approximately $6 million); US Fax Law Center, Inc. v. iHire, Inc., 476 F.3d 1112 (10 Cir. 2007) (holding that federal diversity jurisdiction existed over claims brought under TCPA and finding no express congressional intent to preempt diversity jurisdiction), cert. denied, 552 U.S. 1139 (2008); Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536 (7th Cir. 2006) (finding federal jurisdiction proper based on diversity amount-in-controversy criterion); Baltimore-Washington Telephone Co. v. Hot Leads Co., LLC, 584 F.Supp.2d 736 (D.

Md. 2008) (finding federal jurisdiction proper based on diversity); Watson v. NCO Group, Inc., 462 F.Supp.2d 641 (E.D. Pa. 2006) (holding that TCPA only forecloses federal question jurisdiction, not diversity and supplemental jurisdiction); Klein v. Vision Lab Telecomm., Inc., 399 F.Supp.2d 528 (S.D.N.Y. 2005) (finding that diversity jurisdiction provided a basis for hearing TCPA claims removed to federal court); Kopff v. World Research Group, LLC, 298 F.Supp.2d 50 (D. D.C. 2003) (holding that removal of TCPA claims on basis of diversity jurisdiction was permissible); Accounting Outsourcing, LLC v. Verizon Wireless Personal Comm., LP, 294 F.Supp.2d 834 (M.D. La. 2003) (finding federal jurisdiction based on diversity, even though TCPA specifically authorizes privates suits only in state court); but see, Consumer Crusade, Inc. v. Fairon & Assoc., Inc., 379 F.Supp.2d 1132 (D. Colo. 2005) (holding that case brought under TCPA could not be removed to federal court on the basis of diversity). Here, however, because there is no diversity of citizenship, this issue is not before the Court.

Plaintiff cites Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005), for the proposition that removal of TCPA claims to federal court is authorized by both the Class Action Fairness Act and by 28 U.S.C. § 1441, because it arises under federal law. See also Kenro, Inc. v. Fax Daily, Inc., 962 F.Supp. 1162 (S.D. Ind. 1997) (holding that federal courts have federal question jurisdiction under the TCPA).

Brill relied upon Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005) (a quiet title action) and Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003) (a Fair Labor Standards Act case) – two cases cited by Plaintiff at oral argument – for the proposition that a party's ability to maintain a cause of action in state court is not a prohibition against removal. Brill is not binding authority on this court and represents a minority view, as

does Kenro.  In addition, the Supreme Court cases cited in Brill involved federal jurisdiction in the context of entirely different federal laws, i.e., federal tax law in Grable which lacks similar statutory language providing for state court jurisdiction, and the Fair Labor Standards Act in Breuer, which provides that a suit may be maintained in state or federal court.  See Brodeur, 2006 US Dist. LEXIS at *13 (distinguishing Brill, Grable and Breuer in remanding a TCPA private action to state court).  Moreover, diversity of citizenship was present in Brill, therefore, an independent basis for federal jurisdiction existed.  Here, there is no diversity and no independent basis for federal jurisdiction.

This Court concludes that this case should be remanded to state court due to the lack of federal subject matter jurisdiction under the TCPA.  This Court's ruling in Barry expressly held that private causes of action under the TCPA must be heard in state court.  Furthermore, even if this Court concluded that an independent basis for federal jurisdiction would be sufficient to maintain suit in federal court, the parties here are non-diverse.  For all of these reasons, the Court recommends that Defendant's motion to remand be granted.

**THEREFORE, IT IS HEREBY RECOMMENDED THAT:**

Defendant's Motion to Remand to State Court for Lack of Subject Matter Jurisdiction (Doc. No. 19) be **GRANTED**.

Dated:   May 6, 2010

            s/Susan Richard Nelson
            SUSAN RICHARD NELSON
            United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **May 21, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those

objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.